IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00408-O |
| | § | |
| CLOUD DREAMS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Enforce Settlement Agreement ("Motion") that Plaintiff GS Holistic LLC ("GS") filed on September 23, 2025. ECF No. 60. By Order dated September 23, 2025 (ECF No. 61), Chief United States District Judge Reed O'Connor referred the Motion and all related responses, replies, briefs in support, appendices, etc. to the undersigned for hearing, if necessary, and determination or recommendation. Defendants Cloud Dreams LLC ("Cloud Dreams") and Chistine Elizabeth Finely also known as Christine Elizabeth Finley ("Finley") (collectively "Defendants") did not file a response. After considering the pleadings and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 60).

I.   **BACKGROUND**

On April 25, 2023, GS sued Defendants for damages and injunctive relief for violations of the Lanham Act including trademark infringement, counterfeiting, and false designation of origin and unfair competition. ECF No. 1. On April 5, 2024, the parties informed the Court that they had reached an agreement on material terms to settle all claims and defenses of all parties in the referenced case during a mediation on February 7, 2024. ECF No. 25. The agreement stated that

GS would release their claims in exchange for $5,000.00 and "an authorized dealer agreement for purchase [by Cloud Dreams] of $1,800.00 per month beginning on April 7, 2024." ECF 60-1 at 1. On June 13, the Court ordered the parties to file the appropriate dismissal papers on or before July 10, 2024. ECF No. 26.

On July 10, 2024, GS filed a status report and request for additional time to pursue claims, asserting that Defendants had been unresponsive to several communication attempts made to finalize the settlement. ECF No. 27 at 2-3. On July 15, Defendants responded by acknowledging the missed communications, and requested an extension to finalize the settlement agreement. ECF No. 29. On July 16, the Court granted the extension and gave the parties until July 30 to file settlement papers. ECF No. 30. The parties did not file settlement papers by that deadline, seemingly because Defendants refused to adhere to the negotiated settlement. ECF No. 31 at 3. GS then moved for, and the Court granted, an extension of time to file a new pleading. ECF No. 33 at 5.

GS's new pleading reasserted its original claims of trademark infringement, false designation and unfair competition, and breach of contract, and sought damages, fees, and injunctive relief. ECF No. 36 at 19-20. GS also alleged that Defendants acted in bad faith during settlement negotiations and induced GS to settle by making promises that Defendants had no intention of honoring. *Id.* at 14. GS claimed that Defendants' material misrepresentations and bad faith during settlement negotiations amounted to fraud and sought damages and fees as a result. *Id.* at 19-20. Defendants denied these allegations in their answer to the amended complaint. ECF No. 37.

The Court ordered the parties to attend a second mediation that occurred on August 26, 2025. ECF No. 56. The parties did not reach a resolution. ECF No. 57. In the present Motion, GS

seeks the original amount of $5,000.00 but relinquishes the authorized dealer component of the agreement as Defendants' business apparently is no longer operational. ECF No. 60 at 2.

## II.   LEGAL STANDARD

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430 (5th Cir. 2020) (quoting Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994)). A court exercising federal question jurisdiction applies federal law to the enforcement of settlement agreements. *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984).

Federal law treats a settlement agreement as a contract. *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992) (citing *In re Raymark Indus., Inc.*, 831 F.2d 550, 553 (5th Cir. 1987)). For a valid contract to exist under federal law, there must be an offer, acceptance, consideration, essential terms, and a meeting of the minds among the parties. *Johnson v. BP Exploration & Prod.*, 786 F.3d 344, 355-59 (5th Cir. 2015).

## III.   ANALYSIS

### A.   The settlement agreement is valid under federal law because it satisfies all five elements of contract formation.

#### 1.   GS extended a valid offer to Defendants.

GS extended a valid offer to Defendants in the Rule 11 and Settlement Agreement ("the Settlement Agreement") by agreeing to "release, discharge, and forever hold, the Defendant(s) harmless from any and all claims, demands, or suits. . . arising from or related to the events and transactions which are the subject of this case" in exchange for Defendants paying GS $5,000.00 within thirty days and with "Defendant. . .enter[ing] into an authorized dealer agreement for purchase of $1,800.00 per month beginning on April 7, 2024." ECF 60-1 at 1.

### 2. Defendants accepted GS' offer.

Defendants accepted GS's settlement offer by the permitted signature of their counsel, M. Amber Barger, at the bottom of the Settlement Agreement. ECF No. 60-1 at 2.

### 3. GS and Defendants exchanged sufficient consideration to form a valid agreement.

Applying the federal common law of contracts, the Court "uses the core principles of the common law of contracts that are in force in most states." *Smith v. United States*, 328 F.3d 760, 767 n.8 (5th Cir. 2003) (internal quotation marks and citations omitted). "Consideration is defined as 'either a benefit to the promisor or a loss or detriment to the promisee . . . .'" *W. Sur. Co. v. Medsolutions, Inc.*, No. 3:01-CV-2248-P, 2003 WL 251433, at *4 (N.D. Tex. Feb. 3, 2003) (citing *Northern Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 607 (Tex. 1999) (internal quotations omitted). There was adequate consideration for the Settlement Agreement because both parties received benefits under their agreement. Defendants received the benefit of GS' knowingly and voluntarily releasing and discharging them from liability for anything occurring before the date of the Settlement Agreement in exchange for their payment of $5,000.00 and "Defendant's" agreement to enter an authorized dealer agreement with GS. *See* ECF No. 60-1 at 1. GS received a benefit in the form of the settlement amount and "Defendant's" agreement to enter an authorized dealer agreement. *Id.* Thus, the parties exchanged sufficient consideration to support a valid agreement.

### 4. The Settlement Agreement included essential terms.

GS and Defendants included the essential terms of their settlement that were necessary to form a valid agreement between the parties. The Settlement Agreement includes more terms than courts have found necessary for a valid settlement agreement to exist. *See, e.g.*, *In re Deepwater Horizon*, 786 F.3d 344, 357 n.26 (5th Cir. 2015) (agreement exists "where the parties have agreed

4

upon the monetary amount of the settlement payment and the fact that plaintiffs will release specific claims"). Because the Agreement includes more than the necessary terms needed to establish an agreement between GS and Defendants, the Settlement Agreement is complete and enforceable according to its terms.

### 5. There was a meeting of the minds between the parties.

"[O]rdinary contract principles require a 'meeting of the minds' between the parties in order for agreements to be valid." *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003). In this case, GS and Defendants settled their dispute at a mediator's office according to the Settlement Agreement. ECF No. 60-1. The parties agreed that GS would release their claims in exchange for $5,000.00 and execution by "Defendant" of an authorized dealer agreement. ECF No. 60-1 at 1. The parties signed the Settlement Agreement through their authorized representatives. *Id*. at 2. There is no suggestion that the parties misunderstood their agreement to settle or that their representatives exceeded their authority in signing on behalf of the parties. As a result, there was a meeting of the minds between the parties in reaching the Settlement Agreement.

### B. The Court should enforce the valid Settlement Agreement.

When one party is in default following an agreed upon settlement agreement, a court may enter a judgment consistent with the settlement agreement's terms. *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). GS asks the Court to enforce the Settlement Agreement reached by the parties. ECF No. 60. Defendants' noncompliance with the Settlement Agreement is undisputed. Defendants did not respond to the Motion and provide no legal authority that would excuse their obligations. Because Defendants "knowingly and voluntarily agreed to" the settlement agreement, and "no change of circumstances warrants repudiation of the agreement," the Court

should enforce the Settlement Agreement according to its terms, recognizing that GS asks only that the Court enter judgment against Defendants for the agreed settlement sum of $5,000.00.

## IV.    CONCLUSION

After considering the Motion and applicable legal authorities, the undersigned recommends that Chief Judge O'Connor **GRANT** GS' Motion (ECF No. 60) and enter judgment that it recover $5,000.00 from Defendants Cloud Dreams LLC and Chistine Elizabeth Finely also known as Christine Elizabeth Finley.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on October 24, 2025.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE